## SIMEON CURTIS *vs.* BRANCH HARLOW.

The provision of the Rev. Sts. *c.* 38, § 16, that all the members of an incorporated manufacturing company shall be jointly and severally liable, in certain cases, for the debts of the company, extends to those who are members when the liability of the company is sought to be enforced, and is not confined to those who were members when the debts were contracted.

THIS was an action of trespass against the sheriff of Plymouth, for the taking and carrying away of the plaintiff's horse, cattle and sheep, by J. M. Reed, one of the defendant's deputies. At the trial before *Shaw*, C. J. the defendant justified the taking, on the following facts, which were proved or admitted: That the Keith Iron Company, a manufacturing corporation, established by *St.* 1836, *c.* 131, was organized and transacted business, without having complied with the provision prescribed by the Rev. Sts. *c.* 38, §§ 16, 17, to exempt individual members of the corporation from liability for its debts; that W. H. Bates, at October term 1843, recovered judgment against the said corporation; (7 Met. 224;) that an alias execution on this judgment was delivered to said Reed, with orders to levy it upon the individual property of the plaintiff; that said Reed took the said horse, cattle and sheep on the said execution, sold them in due form of law, and with the proceeds satisfied the execution.

The plaintiff requested the court to rule, that his individual property was not liable to be taken and levied on to satisfy the said execution against the corporation, because he was not a member thereof at the time when the debt was contracted, upon which the said judgment was recovered. Upon this point the evidence was, and the defendant conceded, that the plaintiff first became a member of the said corporation, on the 27th of April 1840, and that the said judgment was recovered on a promissory note, made by said corporation on the 20th of March 1840. It was thereupon agreed by the parties that the case should be taken from the jury, and be continued for the opinion of the whole court.

*W. Baylies & Coffin*, for the plaintiff.

*Beal & Clifford*, for the defendant.

DEWEY, J. The decision of this case depends entirely upon the construction to be given to the Rev. Sts. c. 38, § 16. It is true, as suggested by the counsel for the plaintiff, that the previous *Sts.* of 1808, c. 65, 1821, c. 38, and 1826, c. 137, are not included in the list of repealed statutes found in the general repealing act of 1836. Rev. Sts. p. 813. The *St.* of 1829, c. 53, § 16, had already repealed all these previous statutes, so far as respected corporations subsequently created, leaving them in force, as to corporations created under them, until such corporations should have adopted the new statute and complied with its provisions. These earlier statutes, therefore, are not wholly repealed, but remain in force as to many existing corporations. They have been often applied, since the enacting of the revised statutes, as in *Peirce* v. *Partridge*, and *Kelton* v. *Phillips*, 3 Met. 44, 61, and other cases. The policy of the legislature has been, to make the statutes regulating manufacturing corporations, and providing as to the liability of the stockholders, prospective laws. Hence the limitation, usually found in them, to " any corporation which may hereafter be established within this Commonwealth."

The *St.* of 1829, c. 53, was, however, directly repealed by the repealing act of 1836, leaving in force, however, by the provisions of the Rev. Sts. c. 38, § 36, as to all manufacturing corporations already created, the laws existing on the day the revised statutes took effect, except as modified by c. 38.

By recurring to these provisions, and the *St.* of 1829, c. 53, it wil. be found that the liabilities of the members of the Keith Iron Company will wholly depend upon the construction of Rev. Sts. c. 38, § 16 as already stated; the *St.* of 1829, c. 53, so far as it bears upon the question before us, being substantially similar. Sect. 16 provides that " all the members of every manufacturing company that has been incorporated since the 23d of February 1830," (the date of *St.* 1829, c. 53,) " or that shall be hereafter incorporated, shall be jointly and severally liable for all debts and contracts made by such company, until the whole amount of the capital stock shall have been paid in, and a certificate thereof sha!' have been made

Curtis *v.* Harlow.

and recorded in the registry of deeds." Such certificate was not filed in the present case, and the inquiry now is, who are "the members" of this company, liable within the true and proper meaning of the provision above cited? Is it limited to those who were such when the debt was contracted, or those who were such at the time of the rendition of the judgment against the corporation; or does it include both classes? The plaintiff insists that it embraces only the former. The argument is, that the statute should have a reasonable construction, and that the legislature could not have intended to charge those who were not members when the debt was contracted. Now it may or may not be more reasonable that this liability should attach to those who were members when the contract was made. That must depend upon the circumstances of each particular case. If the contract that was sued was a promise to pay for services previously rendered, or for raw materials for manufacturing goods already sent to market, and made available, and forming a part of the past dividend, it would obviously be much more reasonable that the personal liability should attach to those who had been benefited by the contract, rather than to those who subsequently became members. On the other hand, suppose the contract to be for machinery or raw materials exclusively for future use, but paid for in a note of hand payable on demand, or bought on a credit, and to be paid at a future day, and, before their actual use, certain individuals withdraw from the company, and others become new members, and such new members have the entire benefit of the same; in such case, the equity of the case would seem to be, to hold the old members discharged, and the new ones liable personally.

We are brought back to the words of the statute, as the rule for our decision, rather than to rely upon arguments drawn from the fitness of one or the other provision. Indeed, where the words are plain and unequivocal, we have only to give them effect, unless such construction be absurd or do violence to common sense. The language of the statute is, ' all the members of every manufacturing company " 'shall be

liable, in the case stated. This clearly and necessarily embraces all persons who are members at the time when the liability is to be enforced. Those who have become stockholders since the date of the contract are as fully members of the company, as the earlier associates. The term "members" must, as we think, be held to include all the actual stockholders; and with their membership they take all the benefits and all the responsibilities which attach to that relation. Nor can this liability be a surprise upon them, if they exercise due diligence in examining the public records of the county. This liability exists, if no certificate of the payment of the capital stock has been duly filed in the office of the register of deeds for the county. If such certificate be found duly recorded there, this liability does not attach to a member for any omission in the payment of the capital stock. *Stedman* v. *Eveleth*, 6 Met. 114.

It was suggested in the argument for the plaintiff, that this court, in the case of *Mill Dam Foundery* v. *Hovey*, 21 Pick. 455, had virtually given a construction favorable to their views, by a decision to the effect that ceasing to be a member does not exempt one from liability for neglect of the company in not complying with the provisions as to filing a certificate of payment of the capital stock, and publishing annually the amount of assessments and of all existing debts. The question arose there upon the *St.* of 1829, *c.* 53, and the ruling was in reference particularly to the liability for neglecting to publish the annual statements just referred to. It arose incidentally upon the question of the competency of a witness. It may be that both those who are members at the time of the making of the contract, and those who are such at the time of the rendition of the judgment, are personally liable for the debt, if there was, during the membership of each, an entire neglect to comply with the provisions of the statute. Without expressing any further opinion upon that point, we are of opinion that the plaintiff was such member, and stood in such relation to this corporation, as to subject himself to personal responsibility for the judgment recovered against the company;

and that his property was liable to be taken on the execution against the company, undei the provision of the Rev. Sts. *c.* 38, § 30. *Plaintiff nonsuit.*